# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO. 18-42032** |
| | **CHAPTER 13 BANKRUPTCY** |
| **DANYETTA CHRILLA GAFFNEY** | **("MAIN CASE" – PENDING)** |
| **DEBTOR** | |
| | |
| **DANYETTA CHRILLA GAFFNEY** | |
| **PLAINTIFF** | |
| ("MS. GAFFNEY") | |
| | **ADV. NO.** |
| **vs.** | **(CONTAINED IN FILEMARK)** |
| | |
| **IDAHO HOUSING AND FINANCE** | |
| **ASSOCIATION** | |
| **DEFENDANT** | |
| ("Defendant") | |

## ORIGINAL COMPLAINT CONCERNING THE WILLFUL
## VIOLATION OF THE AUTOMATIC STAY AND RELATED RELIEF

---

### Notice to Defendant

The detailed allegations stated herein are for the purpose of eliciting researched and precise responses so as to limit the scope and cost of the litigation. As required by F. R. Civ. P. 8, as made applicable by F. R. Bankr. P. 7008, each allegation requires a separate admission or denial regardless of whether the allegation is of fact or of law. There should be no response such as the allegation is a statement of law or the document speaks for itself. A reasonable inquiry is required as to any admission or denial. A matter should not be denied on a lack of knowledge or belief unless a reasonable inquiry has first been made. An absence of a reasonable inquiry is not a sufficient basis for denial. No substantive affirmative defense should be asserted contrary to the bankruptcy provisions cited below. Further, no threshold or substantive affirmative defense should be asserted absent a reasonable inquiry that meets the requirements of F. R. Bankr. P. 9011 and F. R. Civ. P. 11, as supported by facts and law.

"When an institutional creditor responds to an obvious violation of the automatic stay or discharge injunction against a consumer debtor by employing its superior resources to make frivolous responses that tax the resources of that debtor, those responses should be viewed as nothing more than an abusive continuation of the original improper conduct being complained of. It is the most appropriate occasion for imposition of punitive damages." *In re Curtis*, 322 B.R. 470,487 (Bankr. D. Mass.2005).

---

**TO:   BRENDA T. RHOADES**
**UNITED STATES BANKRUPTCY JUDGE**

Ms. Gaffney owns her home which is commonly known as 2185 Sycamore Street, Paris TX 75460 ("home")[1].  Defendant is the assignee of the note and deed of trust as to her home.  Ms. Gaffney fell behind in payments on her home.  To remedy the problem, she filed her Chapter 13 bankruptcy.   After filing the main case, and after notice of that bankruptcy was sent to Defendant and Defendant's attorneys, her home was nonetheless posted for foreclosure which is set to take place on November 6, 2018. In an attempt to mitigate, repeated notice of the filing of Ms. Gaffney's main case was emailed and mailed to Defendant and Defendant's attorney.  Ms. Gaffney has made contact with Defendant's counsel.  Nonetheless, there has not be any formal withdrawal of the foreclosure documents sent, or no writing that the foreclosure will not proceed.  At the time this adversary was filed, Defendant has not filed a proof of claim or any document with the Bankruptcy Court that indicates it is in compliance with the automatic stay of which it has notice.  The mere withdrawal of the foreclosure at this point will not result in the dismissal of this adversary proceeding as injury in fact has occurred, resulting in compensatory damages that are legally occurring.

### JURISDICTION / VENUE / CORE PROCEEDING / CONSTITUTIONAL AUTHORITY TO ENTER FINAL ORDERS OR JUDGMENTS

1.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334.

---

[1] Ms. Gaffney's home is legally defined by a lengthy metes and bounds description.

2.      Venue is proper for this Court pursuant to 28 U.S.C. § 1409, and for the reason that the main case of Ms. Gaffney was filed and is pending in this Bankruptcy Court.

3.      This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157.

4.      The subject matter of this adversary proceeding involves the "public rights" exception to the general rule that allows only an Article III judge to exercise adjudicative authority.  As such, this Bankruptcy Court has a right to issue a final judgment in this case in accordance with the exceptions in *Stern v. Marshall*, 564 U.S. 462 (2011).

5.      Ms. Gaffney consents to the entry of a final order or judgment by this Court. *Wellness Int'l Network LTD. v. Sharif*, 135 S. Ct. 1932, 1947 (May 26, 2015).

## FACTUAL BACKGROUND

6.      On or about November 8, 2017 Ms. Gaffney purchased her home, entering into a note and deed of trust[2].

7.      On September 10, 2018 a voluntary Chapter 13 bankruptcy petition was uploaded on behalf of Ms. Gaffney in the main case pursuant to 11 U.S.C. § 301(a). (ECF 1)[3].  This petition constituted an order for relief pursuant to 11 U.S.C. § 301(b). Therein, the petition provided Ms. Gaffney's name, current address, last four digits of

---

[2] In drafting the pleading, counsel relied on the Notice of Acceleration for the date of the note and deed of trust.

[3] "(ECF ___)", when used in this complaint is intended to represent the corresponding document on the Docket Report as maintained by this Court on its ECF / PACER system in relation to the bankruptcy filed by Ms. Gaffney, Case No. 18-42032.

her Social Security Number, chapter of bankruptcy filed, prior bankruptcies filed in the last eight years, the district and division in which the main case was filed, as well as the name and contact information of her bankruptcy attorney. This information should have been sufficient to confirm the status of the main case and allow any creditor with notice to identify the debtor and its related claim.

8. The commencement of the main case created a bankruptcy estate, pursuant to 11 U.S.C. § 541, which included Ms. Gaffney's home.

9. The initiation of the main case effectuated the automatic stay provisions of 11 U.S.C. § 362(a), for which there are no exceptions pursuant to 11 U.S.C. § 362(b) in regards to Defendant's conduct.

10. On September 10, 2018 a list of creditors was uploaded on behalf of Ms. Gaffney in the main case pursuant to 11 U.S.C. § 521(a)(1)(A) and F. R. Bankr. P. 1007(a)(1). (ECF 1). Therein, Defendant was provided for at its address stated as P. O. Box 7899, Boise ID 83707 ("matrix address"). Also, Defendant was provided for at 565 W. Myrtle, Boise ID 83702. ("preferred address"). Further, Defendant's legal counsel, Bonial & Associates, P.C. was provided for at its address stated as 14841 Dallas Parkway, Suite 425, Dallas TX 75254 ("counsel's address").

11. On September 10, 2018 bankruptcy schedules and statement of financial affairs were uploaded on behalf of Ms. Gaffney in the main case pursuant to 11 U.S.C. § 521(a)(1)(B) and F. R. Bankr. P. 1007(b). (ECF 1). Therein:

      a.      Official Form 106A/B – Property - Part 1 - No. 1.1. - disclosed Ms. Gaffney's home.

    b.      Official Form 106C – The Property You Claim as Exempt – Part 1 - No. 2 - disclosed that Ms. Gaffney claimed her home exempt pursuant to 11 U.S.C. § 522(d)(1).

    c.      Official Form 106D – Creditors Who Have Claims Secured by Property – Part 1 - No. 2.2 - disclosed Defendant in regard to Ms. Gaffney's home at the matrix address.

    d.      Official Form 106D – Creditors Who Have Claims Secured by Property – Part 2 - No. 4 - disclosed and included Defendant, at the preferred address.

    e.      Official Form 106D – Creditors Who Have Claims Secured by Property – Part 2 - No. 3 - disclosed and included Defendant's attorney, and related same to Defendant's claim, at its counsel's address.

    f.      Official Form 106I – Your Income – demonstrates that Ms. Gaffney is financially vulnerable.

    g.      Official Form 106J – Your Expenses – demonstrates that Ms. Gaffney has limited disposable income.

12.    Defendant is a creditor in the main case pursuant to 11 U.S.C. § 101(10).

13.    The debt or claim of Defendant in the main case is prepetition in nature pursuant to 11 U.S.C. § 101(5).  Further, the claim is secured.

14.     On September 10, 2018 a Certificate of Credit Counseling, with a pre-petition date of September 6, 2018, was uploaded on behalf of Ms. Gaffney in the main case pursuant to 11 U.S.C. § 521(b).  (ECF 2).

15.     On September 10, 2018 an original Chapter 13 Plan was uploaded on behalf of Ms. Gaffney in the main case pursuant to 11 U.S.C. §§ 1321, 1322.  (ECF 3). Ms. Gaffney's plan provides that Defendant's claim will be cured through payments it will receive from the Trustee and that Ms. Gaffney will be responsible to pay the on-going maintenance payments as a direct payment obligation. Pursuant to the certificate of service attached, Defendant was provided a copy by mail at the matrix address, its preferred address and counsel's address.

16.     On September 13, 2018 Ms. Gaffney filed her Certificate of Debtor Education.   (ECF 6).   The required financial education course was completed on September 12, 2018.

17.     On September 14, 2018 Official Form 309I – Notice of Chapter 13 Bankruptcy Case was uploaded in the main case pursuant to F. R. Bankr. P. 2002(a)(1). According to the BNC[4] certificate of service uploaded on September 16, 2018, the Notice was provided to Defendant at the matrix address, preferred and counsel's address.  (ECF 7).  Therein, the Notice premonished Defendant:

> "The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the

---

[4] The Bankruptcy Noticing Center ("BNC"), established by the Administrative Office of the U.S. Courts (AOUSC), provides a centralized process for preparing, producing, and sending bankruptcy court notices by mail or electronic transmission. http://ebn.uscourts.gov/

debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees."

18.    On September 17, 2018 note was left on Ms. Gaffney's door requesting that she contact Defendant.

19.    On September 17, 2018 Ms. Gaffney contacted the phone number left on her door and spoke with an employee of Defendant.  She informed the man that she had filed bankruptcy.  Ms. Gaffney attempted to provide the man her bankruptcy case number but he could not accept it, stating Defendant would await notice from their attorney.

20.    On September 25, 2018 Defendant contacted Ms. Gaffney by telephone in attempt to collect its pre-petition claim.  Defendant's employee called to provide her with the total amount she would have to pay this date in order to prevent foreclosure of her home.  Ms. Gaffney again informed Defendant that she had filed bankruptcy.  She did manage to provide this employee her bankruptcy case number during this call.  The employee stated she would write the number down.

21.    Also on September 27, 2018 Defendant's attorney filed the Notice of Acceleration, the Notice of Trustee's Sale and Affidavit of Posting with the Lamar County Clerk.

22.    On September 27, 2018 Defendant's attorney drafted and mailed a letter to Ms. Gaffney, which attached a Notice of Acceleration and a Notice of Trustee's Sale by both United States Postal Service certified mail and first class mail.    Although

certified and first class letters where dated September 27, 2018, it does not appear they were placed in the mail until October 8, 2018, some 11 days later.

23.    Supposing that the mailing of the Notice of Acceleration and Notice of Trustee's Sale was mailed on the same date it was filed with the Lamar County Clerk (and indications are that the actual mailing was much later), this occurred:

    a.    17 days after Ms. Gaffney's Plan was mailed to Defendant at the matrix address, preferred address, and Defendant's attorney at the counsel's address.

    b.    11 days after the Notice of Chapter 13 Bankruptcy Case was mailed to Defendant at both the matrix address and preferred address, and mailed to Defendant's attorney at counsel's address.

    c.    10 days after the note by Defendant was left on Ms. Gaffney's door and she called Defendant and informed it of her bankruptcy filing.

    d.    2 days after Defendant called Ms. Gaffney to collect its pre-petition claim directly, at which time she provided Defendant with her bankruptcy case number.

24.    On October 8, 2018 the United States Postal Service shows that the notices of acceleration and foreclosures were first placed in certified mail by Defendant's counsel.

25.    On October 9, 2018, the Meeting of Creditors was held in the main case pursuant to 11 U.S.C. § 341.  Ms. Gaffney attended the meeting.  The meeting was concluded.

26.    On October 9, 2018 the notice of the certified mail containing the acceleration and foreclosure notices from Defendant's counsel were left by the United States Postal Service at Ms. Gaffney's home.

27.    On October 9, 2018 the acceleration and foreclosure notices arrived at Ms. Gaffney's home.

28.    On October 9, 2018 Ms. Gaffney contacted Defendant's counsel by telephone.  She advised the law firm that she had filed bankruptcy.  This was after her meeting of creditors the same day.

29.    As of the date of the filing of this adversary proceeding, Ms. Gaffney has not received any formal or written notification, or withdrawal, of the notices of acceleration and foreclosure.  None appear to have been filed with Lamar County. Neither Defendant nor its counsel has contacted Ms. Gaffney's attorney to advise him of their errors, if that is what these violations reflect.  Further, Defendant has not filed a proof of claim or any document with the Bankruptcy Court indicating it acknowledges Ms. Gaffney's bankruptcy.

30.    The post-discharge income or earnings of Ms. Gaffney are not subject for payment of any debt or claim.

31.    As a result of the above-described conduct of Defendant, much frustration, anxiety, mental anguish and distress that is more than fleeting and inconsequential has resulted on the part of Ms. Gaffney.  This has manifested itself with Ms. Gaffney in a number of manners, including but not limited to violation of the core bankruptcy rights; a fear of loss of her home, headaches; loss of sleep; anxiety; depression; shock of

conscience; impaired enjoyment of life; a sense of dread; a sense of failure; a lack or diminution of self-worth; a significant amount of stress; the feeling of  harassment or fright; panic; marked irritability; distraction; low self-esteem; being ticked off; and/or a sense of embarrassment and discomfort that is greater than the general level of embarrassment and discomfort felt in filing bankruptcy or for the inability to pay a debt or bill.

## WILLFUL VIOLATION OF THE AUTOMATIC STAY

32.    The filing of the main case constitutes, and constituted, an order for relief pursuant to 11 U.S.C. § 301(b).  This includes the imposition of the automatic stay (which is similar to an injunction issued by this Court) pursuant to 11 U.S.C. § 362(a). The facts alleged demonstrate that the Defendant, and Defendant's counsel, was provided effective notice but has attempted to collect its debt in various ways. Therefore, the actions or conduct of Defendant violated, or are violating, 11 U.S.C. § 362(a)(1), (3), (4), (5), and/or (6).

## ENFORCEMENT OF THE ORDER, INJUNCTIONS AND/OR RULES

33.    Due to the conduct or action of Defendant, as described, it may become necessary for this Court to take action to enforce the injunctions, orders, Bankruptcy Code provisions and rules resulting from main case, including, but not limited to:

a.    Finding Defendant in contempt for failing to abide by the orders, injunctions, Bankruptcy Code provisions and rules pursuant to 11 U.S.C. § 105;

b.  Issuing any declaratory judgment to determine the threshold questions of law, facts, rights, claims, or debts of all parties to this adversary proceeding, the violations of Defendant, the jurisdiction of this Court and/or any actual controversy that may exist pursuant to 28 U.S.C. § 2201; and/or

c.  Issuing any further or more specific injunctions to better define or curtail the acts or conduct of Defendant in the future pursuant to 11 U.S.C. § 105.

## AWARD OF ACTUAL DAMAGES

34.  An award of actual damages is required to cover the value of any loss including, but not limited to, any out-of-pocket expenses or cost; personal time of Ms. Gaffney in participating and cooperating in this adversary proceeding through trial and any appeal; and, the manifestations suffered as described in the Factual Background above which has resulted from the mental anguish of Ms. Gaffney.

35.  As an award of actual damages, it was necessary to employ Charles (Chuck) Newton and the lawyers of the law firm, Charles Newton and Associates, to represent Ms. Gaffney in advising, preparing and participating in this adversary proceeding.  Further, J. Brian Allen, Ms. Gaffney's bankruptcy attorney, has expended time, fees, costs and expenses in regard to the specific matters as stated above, as well as assisting Charles Newton & Associates in its duties in this regard.

## AWARD OF PUNITIVE DAMAGES

36.  An award of punitive damages is requested by Ms. Gaffney pursuant to the United States Supreme Court standard for properly imposing same.  First,

Defendant received fair notice of the possibility of an award of punitive damages. Second, as evidenced by this bankruptcy, the financial vulnerability of Ms. Gaffney is evident.   Third, the harm or injury inflicted on Ms. Gaffney is more than economic in nature.   Fourth, if the conduct or actions of Defendant had been allowed to succeed, the fresh start of Ms. Gaffney would have been further imperiled.   Fifth, the injury in this case is hard to detect and/or the monetary value of noneconomic harm is difficult to determine.   *See, BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996).

## AWARD OF INTEREST

37.   Any award of damages should contain an award of prejudgment interest.

38.   Any judgment issued by this Court should allow for the accrual of interest for any unpaid balance at the rate for federal judgments, as based on the average prices of U.S. Government Securities per 28 U.S.C. § 1961.

WHEREFORE, PREMISES CONSIDERED, it is the prayer of Ms. Gaffney that the Court will:

1.   Find that Defendant violated one or more of the automatic stay provisions in the main case;

2.   Find that the violation of the automatic stay by Defendant was or is willful and/or intentional;

3.   Enforce the orders, rules and injunctions of this Court or the Bankruptcy Code or Rules as necessary, including, but not limited to, a finding of contempt on the part of Defendant, the issuance of any declaratory judgment, and/or the issuance of any injunction;

4.      Sanction or award against Defendant all actual damages for all financial and non-financial harm or injury incurred by Ms. Gaffney;

5.      Sanction or award against Defendant and to Ms. Gaffney, and for the benefit of Chuck Newton, all of the attorneys' fees, costs and expenses incurred with Chuck Newton, and the law firm of Charles Newton & Associates, in representing Ms. Gaffney in these matters;

6.      Sanction or award against Defendant and to Ms. Gaffney, and for the benefit of J. Brian Allen, all of the attorneys' fees, costs and expenses incurred by the law firm in representing Ms. Gaffney in the matters particular to this adversary proceeding;

7.      Sanction or award against Defendant and to Ms. Gaffney emotional distress damages;

8.      Sanction or award against Defendant and to Ms. Gaffney punitive damages;

9.      Award prejudgment interest;

10.     Award post-judgment interest; and

11.     Grant any and all other relief in equity or in law to which Ms. Gaffney may be entitled.

Respectfully submitted,

**CHARLES NEWTON & ASSOCIATES**
Attorneys for Ms. Gaffney
in the adversary proceeding



_____
**CHARLES (CHUCK) NEWTON**
chuck@chucknewton.net
Texas Bar No. 14976250
190 N. Millport Circle
The Woodlands TX 77382
Phone (281) 681-1170, Ext. 101
Fax (281) 901-5631

**JANE NEWTON**
jane@chucknewton.net
Texas Bar No. 14977700
Phone (281) 681-1170, Ext. 102

**PATRICIA (PJ) NEWTON**
pj@chucknewton.net
Texas Bar No. 24099751
Phone (281) 681-1170, Ext. 103

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Complaint was served on the following parties, not otherwise served by summons, via electronic means, if possible, otherwise by the means stated below:

Danyetta Chrilla Gaffney
*Debtor / Plaintiff*
2185 Sycamore Street
Paris TX 75460

MAIL (No)
FAX (No)
EMAIL (Yes)

J. Brian Allen
*Bankruptcy Atty. for Ms. Gaffney*
P. O. Box 1398
Sulphur Springs TX 75483

MAIL (No)
FAX (No)
EMAIL brian@jbrianallen.com

Carey D. Ebert
*Chapter 13 Trustee*
P. O. Box 941166
Plano TX 75094

MAIL (No)
FAX (No)
EMAIL ECFch13plano@ch13plano.com

United States Trustee
110 North College Ave.
Room 300
Tyler TX 75702

MAIL (No)
FAX (No)
EMAIL ustregion06.ty.ecf@usdoj.gov

Hilary Bonial
Bonial & Associates, P.C.
*Atty. for Defendant*
14841 Dallas Pkwy.
Suite 425
Dallas TX 75254

MAIL (No)
FAX (No)
EMAIL hilary.bonial@bonialpc.com

DATED: October 16, 2018

_____
**CHARLES (CHUCK) NEWTON**